## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SPIRE, INC., | * | |
| | * | |
| Plaintiff/Counter Defendant, | * | Civil Action No. 1:17-cv-266-KD-N |
| | * | |
| vs. | * | |
| | * | |
| CELLULAR SOUTH, INC., | * | |
| | * | |
| Defendant/Counter Plaintiff. | * | |

### PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS

The parties have stipulated and agreed to entry of a protective order (Doc. 54-1), which meets the Court's approval after certain modifications. Therefore, it is ORDERED as follows:

1. This Order shall extend to any documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" according to the terms and provisions set out below. The Order shall further extend to any document produced by any party, which document contains trade secrets, proprietary information and/or is otherwise privileged. Any such materials shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" according to the procedures set forth below by the party in possession of said materials before they are disclosed, or retroactively, to any other party or individual permitted by this Order as set forth below.

2. All confidential information in this case shall be kept confidential by the parties and used solely for the purpose of investigating the claims and defenses asserted in this matter and for no other purpose. In no event shall any confidential information produced, generated, or disclosed in this case be used directly or indirectly for commercial or competitive purposes,

publicly disclosed, or used in any other investigation or litigation, other than in conjunction with the investigation of the claims and defenses asserted in this matter.

3. If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be made narrowly and in good faith.

4. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

5. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of the document and/or a cover page identifying a series of documents which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party, although such labeling may be done retroactively by reproducing such documents with the designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" label. Any and all financial records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and no designation is necessary for purposes of this order.

6. The parties may designate portions of deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so designating such testimony before, during or after the deposition. If testimony is designated as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than thirty (30) days after receipt of said deposition transcripts. Within those 30 days, the proponent of confidential treatment of all or any portion of the deposition shall serve on all counsel of record a designation of confidentiality that identifies by page those pages to be marked, in a manner which will not interfere with their legibility, with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any court reporter or videographer who transcribes or records testimony in this action at a deposition shall agree, before transcribing or recording any such testimony, that all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or recording or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record.

7.  Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses (including expert witnesses) and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. Documents designated as "CONFIDENTIAL – ATTORNEYS'

EYES ONLY" shall be disclosed only to the Court and the parties' attorneys unless otherwise agreed to in writing by the producing party.

8. If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, a party, or a party's counsel and staff, such as to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Protective Order to such person, who shall read this Protective Order, be fully familiar with its provisions, and execute the attached affirmation. Similar disclosure of documents designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not permitted.

9. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date, as long as the producing party or person, promptly after discovery of the inadvertent production without a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, notifies the other party or parties of the inadvertent production. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. After a belated designation has been made, however, the relevant materials or testimony shall be treated as confidential in accordance with this Order. A party that inadvertently discloses confidential information shall give notice of an inadvertent disclosure within 10 days after discovery of such inadvertent disclosure.

10. The Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek

relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection, as long as the producing party or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity. A party that inadvertently discloses material protected by privilege, work-product protection or other protection shall give notice of the inadvertent disclosure within 10 days after discovery of such inadvertent disclosure. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the producing party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protection or immunity.

11. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion.

12. Before filing any information that has been designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the

filing party shall file the materials under seal with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal the documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Any motion to seal must comply with S.D. Ala. General Local Rule 5.2.

13.     After the termination of this litigation, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or material contained herein have been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court. Further, all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed, with a written certificate of such destruction being provided by counsel for the receiving party, within thirty (30) days of the disposition of all claims and defenses in that litigation, whether by settlement, judgment or otherwise.

14.     This Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege.

15.     Nothing in this Protective Order shall preclude any of the parties from otherwise seeking a modification of this Protective Order through motions made before this Court.

16. At the conclusion of this litigation, the Court shall retain jurisdiction in the case for enforcement of this Order.

This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court. The Court may amend, modify or dissolve this Protective Order at any time.

IT IS SO ORDERED this 29th day of August 2017.

/s/ Katherine P. Nelson
U.S. Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SPIRE, INC., | * | |
| | * | |
| Plaintiff/Counter Defendant, | * | Civil Action No. 1:17-cv-266-KD-N |
| | * | |
| vs. | * | |
| | * | |
| CELLULAR SOUTH, INC., | * | |
| | * | |
| Defendant/Counter Plaintiff. | * | |

## CERTIFICATION

1. My name is _____.

2. I live at

_____.

3. I am employed as (state position) _____ by (state name and address of employer)

_____.

4. I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_\_.

By _____
(Signature)

**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SPIRE, INC., | * | |
| | * | |
| Plaintiff/Counter Defendant, | * | Civil Action No. 1:17-cv-266-KD-N |
| | * | |
| vs. | * | |
| | * | |
| CELLULAR SOUTH, INC., | * | |
| | * | |
| Defendant/Counter Plaintiff. | * | |

**NOTICE TO DEPOSITION WITNESSES**

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.

APPROVED BY:


Attorney for Plaintiff,                                                         Attorney for Defendant,